IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANTEL ROWEL DAVIS,<br>SPN #02896960,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS COUNTY ATTORNEY'S<br>OFFICE OF PUBLIC DEFENDERS,<br>*et al.*,<br><br>Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-17-3900 |

## **MEMORANDUM AND ORDER OF DISMISSAL**

The plaintiff, Shantel Rowel Davis (SPN #02896960), is presently confined in the Harris County Jail pending a state court criminal prosecution. Davis has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with those criminal proceedings. Because Davis is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for the reasons discussed briefly below.

# I. BACKGROUND

Public records available from the Harris County District Clerk's Office confirm that Davis is facing criminal charges for stalking and violating a protective order, which are pending against him in the 182nd District Court for Harris County, Texas.[1] Alleging that his civil rights have been violated during these proceedings, Davis has filed this lawsuit against the "Harris County Attorney's Office of Public Defenders," the City of Houston Police Department, Public Defender Ted Doebler, and State District Judge Jeanine Barr, who presides over the 182nd District Court.

Davis contends that officers employed by the Houston Police Department searched his home without a warrant or probable cause and that evidence seized illegally has been used against him to coerce a statement. Davis argues that Doebler, as his appointed defense counsel, has ignored his requests for discovery and inspection of this evidence and has failed to challenge the search or seek a speedy trial. Davis complains that Judge Barr has violated his right to due process by ignoring *pro se* motions filed by Davis on his own behalf. Davis seeks $500,000.00 in compensatory damages under 42 U.S.C. § 1983 for the denial of his right to due process and a speedy trial.

---

[1] *See* Harris County District Clerk's Office website, located at https://www.hcdistrictclerk.com (last visited June 28, 2018).

## II. DISCUSSION

### A. Claims Against the Trial Court

Davis cannot recover damages from Judge Barr in connection with the criminal proceedings referenced in the complaint. It is well established that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity may be overcome only by showing that the actions complained of were non-judicial in nature or were taken in the complete absence of all jurisdiction. *See id.* at 11-12.

A criminal defendant in Texas has no right to "hybrid representation," both by counsel and on his own behalf. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As a result, a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel. *Id.* Under these circumstances, Davis does not show that Judge Barr has violated his rights. More importantly, Davis does not allege facts showing that the trial court engaged in any conduct that is not judicial in nature and he fails to overcome Judge Barr's entitlement to immunity.

3

## B. Claims Against Defense Counsel

In addition, Davis cannot maintain an action under 42 U.S.C. § 1983 against Ted Doebler as his criminal defense counsel. To make a claim under § 1983 a plaintiff must demonstrate that a constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.*

Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint made against a criminal defense attorney contains no state action, such a complaint fails to state a claim upon which relief can be granted as a matter of law. *See Hudson*, 98 F.3d at 873; *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). Therefore, the claims against Doebler must be dismissed.

### C. Remaining Claims Against the Harris County Attorney's Office of Public Defenders and the Houston Police Department

Davis does not articulate facts showing that he has a viable claim against the Harris County Attorney's Office of Public Defenders, where Doebler is employed, or the Houston Police Department. In that respect, he does not demonstrate that either municipal agency is a proper party to the lawsuit with capacity to be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (concluding that, as an agency or subdivision of the city, the police department lacked capacity to be sued as an independent entity).

Davis's complaint fares no better if his claims are construed as against Harris County or the City of Houston. Although municipalities such as these are deemed to be "persons" susceptible to suit under § 1983, municipal liability cannot be sustained under a theory of *respondeat superior* or vicarious liability for wrongdoing by a municipal employee. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). A municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James*, 577 F.3d at 617 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). At a minimum, plaintiff must allege facts identifying the following essential elements: (1) an official policymaker; (2) an

official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue. *See Piotrowski*, 237 F.3d at 578.

Even with the benefit of a liberal construction, the complaint filed by Davis does not assert facts identifying any particular official policy that has directly caused a violation of his constitutional rights. Accordingly, his claims against the Harris County Attorney's Office of Public Defenders and the Houston Police Department is subject to dismissal for failure to state a claim. Because Davis has not articulated a valid claim for relief, the complaint in this case must be dismissed.

## III. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Shantel R. Davis is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to the Manger of the Three Strikes List at Three_Strike@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____June 29_____, 2018.

_____
DAVID HITTNER
SENIOR UNITED STATES DISTRICT JUDGE

6